Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 877-788-2864
aginsburg@creditlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGENORA COLLINS, | ) Case No.: |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES** |
| | ) **FOR VIOLATIONS OF THE** |
| v. | ) **TELEPHONE CONSUMER** |
| | ) **PROTECTION ACT, 27 U.S.C. §227** |
| NAVIENT SOLUTIONS, LLC, | ) **ET. SEQ.;** |
| | ) |
| Defendant. | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| | ) |
| | ) |

# COMPLAINT

ANGENORA COLLINS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NAVIENT SOLUTIONS, LLC ("Defendant"):

## INTRODUCTION

1.  Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.  Defendant conducts business and has its principal office in the State of Delaware, and as such, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.  Plaintiff is a natural person residing in Oakland, California.

6.  Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.  Defendant is a business entity with an office located at 123 Justison Street, Suite 300, Wilmington, Delaware 19801.

8.  Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for more than one year.

11. Plaintiff has only used this phone as a cellular telephone.

12. Defendant placed repeated harassing telephone calls to Plaintiff concerning her student loan debt.

13. When calling Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew that the calls were automated, as when she answered the telephone there was a noticeable pause or delay with no caller on the line before she was transferred to a representative or the call terminated.

15. Plaintiff also received voice messages containing an automated message.

16. Defendant's telephone calls were not made for "emergency purposes."

17. Shortly after the calls started, Plaintiff first told Defendant to stop calling.

18. Once Defendant was informed that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

19. However, Defendant continued to make automated telephone calls to

Plaintiff on her cellular telephone, calling her multiple times per day.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

22. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

23. Defendant's calls to Plaintiff were not made for emergency purposes.

24. After Defendant was told to stop calling, the Defendant knew or should have known it did not have consent to call and that any consent, if any, it may have thought it had was revoked, yet Defendant continued to call willfully and knowingly.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANGENORA COLLINS, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per telephone call pursuant to 47 U.S.C. §227(b)(3) or alternatively that amount for all calls made after Defendant was notified that they were calling the wrong person and wrong number;

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ANGENORA COLLINS, demands a jury trial in this case.

|   |   |
|---|---|
| | RESPECTFULLY SUBMITTED, |
| | KIMMEL & SILVERMAN, P.C. |
| Dated: 9/27/19 | By: /s/ Amy L. Bennecoff Ginsburg |
| | Amy L. Bennecoff Ginsburg (275805) |
| | Kimmel & Silverman, P.C |
| | 30 East Butler Pike |
| | Ambler, PA 19002 |
| | Telephone: (215) 540-8888 |
| | Facsimile: (215) 540-8817 |
| | Email: aginsburg@creditlaw.com |
| | Attorney for Plaintiff |